UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD CARL JACOBS,

    Petitioner,

v.                                         Case No. 8:20-cv-1040-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida prisoner, initiated this action by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and a memorandum in support (Doc. 2). Respondent filed a response opposing the petition (Doc. 8). Upon consideration, the petition will be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted of aggravated battery (count one) and tampering with physical evidence (count two) and was sentenced to consecutive terms of imprisonment of fifteen years on count one and five years on count two (Doc. 8-2, Exs. 7, 8). The convictions and sentences were affirmed on appeal (*Id.*, at Ex. 15); *Jacobs v. State*, 294 So.3d 877 (Fla. 2d DCA 2020).

Petitioner filed a motion for postconviction DNA testing under Rule 3.853, Florida Rules of Criminal Procedure (*Id.*, at Ex. 17). The motion was denied (Doc. 8-3, Ex. 23), and the denial was affirmed on appeal (*Id.*, at Ex. 32); *Jacobs v. State*, 295 So.3d 731 (Fla. 2d DCA 2020).

Petitioner filed a motion for postconviction relief under Rule 3.850, Fla.R.Crim.P. (Doc. 8-4, Ex. 35), that was stricken for failure to meet pleading requirements (*Id.*, Ex. 36). His second Rule 3.850 motion (*id.*, Ex. 37) was stricken because his direct appeal was still pending (*Id.*, Ex. 38). His third Rule 3.850 motion (*id.*, Ex. 39) was dismissed without prejudice for failure to meet pleading requirements (*Id.*, Ex. 40). And his fourth Rule 3.850 motion (*id.*, Ex. 41) likewise was dismissed without prejudice (*Id.*, Ex. 42).

Petitioner filed his federal petition in this Court (Doc. 1) in which he alleges two grounds for relief.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to

ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was

3

discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. Exhaustion and Procedural Default

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731

(1991); *Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). Moreover, to properly exhaust a claim, "the [petitioner] must have presented his claims in state court in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995)

Under the procedural default doctrine, a claim raised in a federal habeas petition is barred from review if the claim was not properly raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

## III. ANALYSIS

GROUND ONE: UNREASONABLE DETERMINATION OF THE FACTS: FAILURE OF TRIAL COURT TO CONDUCT HEARING OR ENTER ORDER ON MENTAL COMPETENCY

Petitioner alleges that before trial, defense counsel moved to have an expert appointed to evaluate Petitioner's competency because counsel believed Petitioner may be incompetent to proceed to trial. Although the trial court granted the motion and appointed an expert, and the expert evaluated Petitioner, the expert's written report was never entered into the record, no competency hearing was held, and the trial court never entered an order finding Petitioner competent to proceed to trial. Petitioner contends the trial court erred in failing to conduct a competency hearing.

A. State Law Claim

To the extent Petitioner contends the state trial court erred, under Florida case law and rules of procedure, in failing to have a hearing to determine his competency, Petitioner fails to present a federal claim. Federal habeas relief can be granted only because an inmate's custody under a state court judgment violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, claims like Petitioner's that rest on issues of state law are not cognizable in a federal habeas petition. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides

no basis for habeas relief."). Thus, Petitioner's claim that the trial court erred under Florida law in failing to have a hearing warrants no relief.

      B. Procedural Default

To the extent Petitioner argues the trial court's failure to hold a competency hearing violated his federal rights under *Dusky v. United States*, 80 S.Ct. 788 (1960) (Doc. 2 at page 5), Respondent argues this claim is procedurally barred from review in this Court because it was not fairly presented to the state appellate court as a federal claim (Doc. 8 at pages 4-5). The Court agrees.

As Respondent correctly points out (*id.*), Petitioner raised a federal constitutional issue in neither his Initial Brief nor his Reply Brief on direct appeal (Doc. 8-2, Exs. 12, 14). Although Petitioner presented his federal claim under *Dusky* to the appellate court in his motion for rehearing (Doc. 2-8), Florida law provides that a defendant may not obtain a merits review of a claim raised for the first time in a motion for rehearing. *See Cave v. State*, 899 So. 2d 1042, 1052 (Fla. 2005) (refusing to address the merits of a claim asserted for the first time in a motion for rehearing in the lower court); Rule 9.330(2)(A), Fla.R.App.P. ("A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its order or decision. *The motion shall not present issues not previously raised in the proceeding.*") (emphasis added). Thus, this claim is procedurally defaulted because it was not raised in a procedurally correct manner.

Petitioner has not shown he is entitled to a merits review of his claim through either the "cause and prejudice" exception or the miscarriage of justice exception to the procedural default. Accordingly, Petitioner's ground is procedurally barred from review.

C. Merits

Even if this claim were not procedurally barred from review, it would fail on the merits. The conviction of a mentally incompetent defendant violates due process. *Pate v. Robinson*, 383 U.S. 375 (1966). The federal standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). *See also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). "[A] petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *James v. Singletary*, 957 F.2d 1562, 1571 (11th Cir. 1992).

Initially, Petitioner makes no allegation he was incompetent at the time of trial. And he has not shown that he was incompetent during his trial. The record reflects that the expert who evaluated Petitioner found him competent to proceed to trial (Doc. 8-2, Ex. 6, docket page 143). And during the colloquy with Petitioner about his right to testify, he acted rationally and responded appropriately to the court's questions (*Id.*, docket pages 138-45, 152-56). Furthermore, Petitioner told the court he took his psychotropic medicine earlier in the morning and was thinking clearly (*Id.*, docket pages 142-44).[1] Defense counsel also told the court she believed Petitioner was "clear headed today and knows what he is doing[.]" (*Id.*, at docket page 144). Finally, the court found Petitioner appeared to think clearly and was answering questions appropriately, and counsel had no concerns about Petitioner (*Id.*, at docket pages 154-55). Thus, there is no indication from the record that Petitioner was incompetent to proceed under the *Dusky* standard. Because Petitioner fails to demonstrate he was incompetent during his trial, he is not entitled to relief on Ground One.

---

[1] A defendant's use of psychiatric drugs is relevant but not determinative to establishing incompetency. *Sheley v. Singletary*, 955 F.2d 1434 (11th Cir. 1992).

GROUND TWO: STATE COURT DECISION CONTRARY TO STATE COURT LAW: CONFRONTATION OF THE EVIDENCE ADDUCED AT TRIAL

Petitioner challenges the state courts' denial of his motion for post-conviction DNA testing under Rule 3.853, Fla.R.Crim.P., and Fla. Stat. § 925.11. He alleges the blade of the knife allegedly used to stab the victim never was subjected to DNA testing. And he argues if DNA testing reveals none of the victim's DNA on the blade of the knife, that will prove the victim was not stabbed but rather "injured while celebrating New Year's Day." (Doc. 1 at page 19). He also argues the state post-conviction court's denial of his motion for DNA testing of the knife violated his right to "confront a key piece of physical evidence" in violation of the Confrontation Clause of the Sixth Amendment (Doc. 2 at page 6). As relief, Petitioner requests a "remand to state trial court to conduct hearing on postconviction DNA testing of weapon." (Doc. 1 at page 16).

Initially, to the extent Petitioner requests DNA testing on the knife, the request is not cognizable in an action for federal habeas relief. A claim for DNA testing is properly brought in a civil rights action under 42 U.S.C. § 1983. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (holding "that a postconviction claim for DNA testing is properly pursued in a § 1983 action" rather than a federal habeas action because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive" and "[i]n no event will a

10

judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody'") (citation omitted). Thus, he is not entitled to federal habeas relief directing the State to grant his request for DNA testing.

Second, to the extent Petitioner asserts the state post-conviction court's denial of his Rule 3.853 motion for DNA testing violated his right to confrontation under the Sixth Amendment, the assertion does not state a claim on which this Court may grant habeas relief. *See Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."). And even if the claim were cognizable on federal habeas review, it would fail on the merits. The Sixth Amendment's right to confrontation never has been expanded to provide a right to gather evidence in the post-conviction setting.[2] *See Barbour v. Haley*, 471 F.3d 1222, 1231-32 (11th Cir. 2006) ("The Sixth Amendment applies only to criminal proceedings. . . . [P]ostconviction relief is not part of the criminal proceeding itself; rather, it is civil in nature.") (citations omitted). *See also Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257 (11th Cir. 2012) (a convicted defendant has no right to access evidence for DNA testing under Eighth or Sixth Amendments). Accordingly, Ground Two warrants no relief.

---

2 "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (internal quotation marks omitted) (alteration in original).

Any claims not specifically addressed herein have been deemed to be without merit.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The **Clerk of the Court** shall enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And because Petitioner is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on July 20, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
Counsel of Record

12